The next matter, number 24-2084, Carla Mejia Abarca et al. v. Pamela J. Bondi. At this time, would counsel for the petitioners come to the podium and introduce themselves on the record to begin. My name is William Wilder, representing the petitioners Carla Mejia Abarca and her three minor children. I'd like to reserve one minute for rebuttal. You may. Thank you. Ms. Mejia and her family fled for the United States after multiple government departments in their native El Salvador proved unwilling or unable to protect them from death threats and other persecution. Had the BIA reviewed the full merits of the record before them, here's what they would have seen. A family who was targeted because of the political beliefs of one member of that family and his willingness to stand up against corruption by a political party and international drug cartel. That persecution culminated in death threats that were highly specific, were credible, and were imminent. In other words, an asylum claim that was in many ways textbook. However, the BIA did not review any of this evidence. Instead, in a single four-sentence paragraph, the BIA found that my clients had waived the issue of the Salvadoran government's willingness and ability to protect them from persecution. That finding was a clear error. My client's brief unambiguously presented the question of whether the Salvadoran government was willing and able to protect them from persecution in their brief to the BIA, and the BIA's opinion must be vacated and remanded. Additionally, the BIA erred in rejecting Ms. Mejia's due process argument on the basis of her motion to continue her merits hearing for an IJ, and erred in denying her second motion to remand the case to an IJ on the basis of the IJ's error in applying the law of the wrong circuit. I welcome the Court's questions. Just on the waiver issue, you're aware of why the BIA says it's waived, which is that in the relevant passage of the brief, what would you direct our attention to to suggest that the issue that the IJ relied on at the conclusion of its section headed unwilling and unable in denying the asylum claim was not joined, that the contention is that that issue was not addressed in the brief? Absolutely, Judge Brand. You know, I would point the Court to CIR 49, which is the final page of the substantive argument portion of the BIA brief. The specific text for reference there was, the Board of Immigration Appeals has held that persecution is the infliction of harm or suffering by a government or by persons a government is unwilling or unable to control. In this case citation, Carla has suffered past persecution, reasonably fierce future persecution in El Salvador. Carla sought protection from local law enforcement. Her husband sought protection for his family and from his employer. Both requests were denied. So that's from CIR 49. I would also point this Court. How does that address the ground that the IJ gave, which was that some protection was provided. This is the IJ's ground. Some protection was provided because protection was provided to the husband. How does the passage you just read engage with that finding and say that finding can't support it? Absolutely, Your Honor. So, you know, I think the IJ's finding again, which was a six-sentence paragraph about halfway through the IJ's opinion, found that because the federal government had granted Mr. Haddad a driver and at one point a security guard for himself to get to and from work during the course of this investigation, they had failed to demonstrate that the government was unwilling or unable to protect them. And, you know, I think the key passage there is that Carla herself sought protection from local law enforcement and that protection and her husband sought protection for his family from his employer. I understand she says that. Right. But the IJ concluded that the reason she's losing is because some protection was provided to the husband. Is there anything in the brief that says that's error, that's not enough, even though there was protection provided to the husband, that's not enough to show unwilling and unable, therefore the IJ is wrong? Yes, you know, and I think this passage right here does that. You know, I think this Court's standard for avoiding waiver before BIA, the most recent opinion on this is Rosa v. Garland, states that, you know, the language in the brief has to be sufficient to raise a challenge or consistent with your intent to appeal an issue. And, you know, I think here the IJ's finding, again, was that Mr. Haddad had been offered some degree of protection. And this was not Mr. Haddad's asylum claim. It's Ms. Mejia's asylum claim. And I think what this paragraph in the BIA brief was doing was presenting the issue to the BIA that Carla herself did seek protection and Carla's husband sought protection for Carla. And those two requests were denied. And those are the requests for protection that are relevant to Ms. Mejia's asylum claim. Now, is that last sentence not in the brief, right? Sir, which sentence is that? What you just said is not in the brief. No, but, you know, I think it's a reasonable formulation of that sentence at the end of the paragraph on C.A.R. 49. And I think that, you know, the issue was also discussed in the facts section of the BIA brief. It's also discussed in the due process section of the BIA brief, which kind of necessarily because of the nature of the claim had to be the longest portion of the BIA brief given that it was a challenge that couldn't have really been made before the IJ himself. And that's at C.A.R. 43, also, you know, It seems to me one argument you may be making is that the brief at least implied the argument. Carla was making an argument about unwilling and unable as it applied to her. Do we have cases that are at all similar where we've confronted a problem like this and found your way? Do you mean cases in the waiver context or in the unwilling? In the waiver context. You know, I think Rosa v. Garland is a good example here. I think in Rosa, the specific issue was whether the brief to the BIA was also sufficiently raising a challenge to a prior IJ opinion that had already been corrected in a certain way. And actually, I think that the briefs in Rosa are much less clear even than the way the Rosa opinion is written, much less clear even in this case that we are, you know, the standard that Rosa laid out is that it basically has to be clear to the BIA that we were saying in the BIA brief that we thought this specific conclusion was wrong. In Rosa, did the BIA find waiver? The BIA did, yes. They found. And we overturned that ruling? That's correct. And I think Rosa's a particularly good example here. More of the waiver cases in this case really come up in the context of, you know, an issue that BIA didn't address at all that then an appellate court finds had been waived because it hadn't been exhausted. And I think Rosa is the best and most recent example of this precise type of waiver situation, which is where the BIA itself erroneously found that an issue had been waived in the brief to the BIA. I might disagree with you a little bit in that I think in Rosa, we said that Rosa had explicitly identified the error that the IJ made, whereas it seems a little less clear to me here that that is what was happening. But I take your point that that may be the closest argument here for saying the unwilling or unable argument as it applied to Carla was made to the BIA. Yes, I do certainly take that point. I also think that another important aspect of this is this IJ opinion was 20 pages long, and the unwilling or unable, the substance of the IJ's analysis of the unwilling or unable issue was only six sentences out of that 20-page opinion. And to prevail in an asylum claim, Carla had to prevail on all of the elements of that asylum claim before the BIA. So I think was the paragraph where she addressed the unwilling or unable issue short in the BIA brief? Yes, it certainly was. But it was sufficient to raise a challenge in that it was sufficient to make clear that she thought the IJ's finding on the unwilling or unable issue was incorrect. And given the many other elements of the asylum claim that she had to present in her BIA brief, and given the fact that she had to present a fully developed due process challenge, because, again, the due process challenge sort of by its nature couldn't have really been raised before the IJ, I don't think that the relatively short length of that paragraph should necessarily be dispositive here. I think it was consistent. It's not the length. It's just what is said in that paragraph. Right. Yes, Your Honor. But I think what is said in that paragraph is consistent with her intent to appeal the IJ's finding on the willingness and ability prong of the asylum claim. Oh, if the Court has no further questions on this issue, if I have extra time, I'd love to proceed. I'm sorry. Was that the timer? I was going to say I would love to discuss the due process question. I'll give you a minute for rebuttal. Sure. I'll have you discuss that on rebuttal. Thank you. Thank you, counsel. At this time, would counsel for the government please introduce themselves. Good morning, and may it please the Court. My name is Catherine McKinney, and I represent the Respondent Attorney General in this matter. Your Honors, this Court should deny the petition for review. First, the denial of petitioner's applications for asylum and withholding removal is not properly before the Court because the petitioner has neglected to exhaust this issue below. Second, no abuse of discretion or violation of due process is found in this case in the denial of a further continuance. And third, the Board did not act arbitrarily in declining to remand this matter. Turning first to the issue of exhaustion, where a petitioner files a brief with the Board and fails to meaningfully raise an issue, the Board may deem it waived. The Board's waiver determination constitutes a failure to exhaust. The exhaustion requirement is a mandatory claims processing rule, as this Court noted in O'Day, citing Santos-Zacharias. Here, the petitioners waived on appeal any challenge to the immigration judge's dispositive government-unwilling or unable determination. Their one conclusory paragraph, which essentially stated that this was a requirement they had to meet, bore no resemblance to the multi-page argument they're raising as to that issue to this Court. And while no magic words are necessary, the petitioners must at least launch an appropriate argument to the Board, which here they failed to do. Turning to where... Can I just break into two different parts? You seem to be focusing on the idea that they didn't meaningfully develop the argument, which the BIA's reason doesn't say that as their reason for finding waiver. They say it doesn't address the issue. So there's a little bit of a gap. It's not as if the BIA said, look, maybe you're addressing the issue, but you haven't developed it in any way, so we're going to treat it as waived. Then we would have to decide, well, is the BIA right on that ground? Instead, the BIA says you did not address the issue. And the contention from your opponent is that the petitioner did address it, because there's no reasonable way to read that paragraph other than to say, because they denied police protection to the petitioner, that shows they were unwilling and unable, and then implicitly, notwithstanding, as is referenced earlier in the brief by a petitioner, the finding that some protection was provided to the husband. So in that setting, it seems that the BIA is fairly read to simply say you didn't address the issue. They contend, no, we did address the issue. If the BIA wants to say that, nonetheless, we don't think you said enough, and therefore it's not me, that's just a different argument. The BIA has to say that before we can find waiver on that basis. What do you say to that? So I have two responses to that, and under both theories, that it's not helpful to the petitioner here. First, I guess I would respectfully disagree that the board's language was so limiting. I think the board was identifying what the judge found, that determination is dispositive, and then noting the basis that the judge gave. And then the board goes on to say the issue is waived. And I know there was some indication in the reply brief from petitioner what's meant by that statement. The issue is waived. Do they mean the government unwilling or unable determination is waived, or the finding upon which that was based? But if it's the finding upon which that was based, the petitioners can't prevail. I think they've acknowledged that they haven't squarely addressed that finding. No meaningful argument to that. No meaningful argument language, that's not what the BIA says. The BIA says that the issue was not addressed, and they're saying impliedly we did address it. So the BIA is just wrong on that. Maybe the BIA, they even say this in their briefing, maybe the BIA could have said, sure, you implicitly are saying that that factual finding is not enough, but you haven't explained why it's not developed, waive on that basis, but that's not what the BIA says. So the BIA said that it was waived, that the issue was waived. And that could either mean because you didn't develop it, or it could mean because you didn't talk about it. They're saying if it's the second, we did talk about it, because there's no other way to read the brief except if you read it generously, as Rosa says we should. Impliedly, that's what we were saying. So there are many ways that the board can say that an issue is deemed waived, and one of those ways is explicitly, as they say here, and then going on to explain the basis for that determination. But as is clear from the cases cited in both the parties' briefs, the exhaustion requirement comes up in a variety of ways, not just when the board has said it's waived and provides a reason. Sometimes the exhaustion or the waiver requirement is implicit when the board doesn't address an issue or when it notes that it's unnecessary for us to address other issues. And also it sometimes comes up, as is clear for some of these cases, where the issue wasn't exhausted, but the board nonetheless addressed it on the merits. And for that reason, some of the cases cited in Petitioner's brief on the exhaustion issue are either distinguishable or helpful to what the board found here. Just worth noting that in the Singh case, this court found the issue sufficiently exhausted, even though it was raised in a perfunctory manner, but noting that there the board had summarily affirmed the judge, so had adopted all of the judge's reasoning. So that factored into whether the court there found the issue either squarely raised or squarely addressed. And there that would fall into the squarely addressed. Can you help me? What issue is, in your view, what issue is the board saying was waived? In the government's view, the board is saying the issue that was waived is whether or not the petitioners had established that the government of El Salvador was or would be unwilling or unable to protect them from the private actors they feared. Well, that was clearly raised. That was clearly raised. Well, this court's doctrine on waiver law and exhaustion also applies to arguments insufficiently developed. And here, as we noted, their argument was one conclusory paragraph. Half of the paragraph just basically said that that was a requirement. And there was no meaningful argument challenging an argument that the husband asked for protection for the family and that was denied. So what does that not raise in your mind that needed to be raised? Respectfully, that's not an argument. That's one fact supporting the argument that the government was unable or unwilling to protect them from the private. Doesn't that raise the issue of whether a request by the husband that the family be protected is sufficient and it was denied is a sufficient argument? Doesn't it raise that issue? Well, Your Honor, respectfully, the argument that Your Honor is putting forth is not what was found in the brief. What was found in the brief was more of a statement of fact that the husband had made the request to his employer. If we look at the petitioner's brief in a light favorable to the petitioner, we do have in that paragraph there's a citation to a case that states the standard for asylum, which is what the BIA was looking at, and then surrounded by the facts that pertain to the unwilling and unable. How else do we read that except as at least raising the issue? Well, this goes back to what the government was saying, that would that be enough before this court to meaningfully brief an issue? And we were making the analogy in our brief that it wouldn't be enough for this court to simply state either in the facts section or to state in the argument section a standard but not meaningfully develop the argument. And if it's not good enough for this court, the board didn't err in finding it waived, where this court would have found something similar waived. One sentence stating this is a requirement and then one sentence referencing one of the facts testified to, is that a developed argument, particularly here where the board has said it wasn't enough for us and that's dispositive. The question of whether we think you've said enough in a brief for us to hear the issue is fairly discretionary standard on our part, right? I don't think it would be an error for the BIA to conclude enough was said here, do you? Well, that would fall under one of the cases where this court would find it squarely addressed rather than squarely raised where the board elected to address it to respond to it or deemed that enough. So there's two possibilities. One, the BIA thought it's waived because it was not meaningfully addressed. Ironically, the BIA didn't say that. Another possibility is the BIA thought it was waived because it was not raised at all. Right? Correct. Do you think it was error if that's what the BIA did? No. Okay. So then in what sense was the issue not raised? Not meaningfully developed? Since all the BIA says it's the issue is waived, right? Because they did not address the issue? Yeah, I believe that they said that turning to the issue of the government unwilling or unable, the judge found this, the judge supported that finding with this sub-factual finding, period. The petitioners have not addressed this issue on appeal. Have not addressed it, okay. This issue. Right, this issue, which you said was the issue when Judge Howard asked, you said the issue was of unwilling and unable. And then Judge Howard says, well they clearly raised the issue of whether there was sufficient protection because they cite the legal standard and then they give the fact and they are arguing that's why we went on appeal. So implicitly they're saying that fact is enough. So they've raised that issue. So isn't it error for the BIA to say it wasn't even raised? The government does not consider that it was sufficiently raised. It would just point to the board's presidential case law, which is cited in the government's brief in terms of what the board in presidential decisions considers waived. And it's pretty similar to what this court would consider waived in an opening brief, which is arguments mentioned but not developed, similar to this court's language. And also this court shouldn't find error, certainly not reversible error, in the board's waiver determination where this court's case law for exhaustion says that that doctrine extends to insufficiently developed arguments. And it certainly wasn't sufficiently developed here. I believe my time is up. So for the reasons also noted in the government's brief, the court should deny the petitioner for review. Thank you. Thank you, counsel, at this time. And counsel, for the petitioner, please reintroduce himself on the record. He has one minute. Good morning. Again, this is Will Wilder representing Petitioners Carla Mejia-Barca and her three minor children. Just two quick points I'd like to make on rebuttal. The first is the cases that the government cites concerning the standard for this court for determining whether an issue was waived in a brief to this court, which is O'Day and Pan, are just not relevant to this case. This court's standard is quite clear from cases like Tuam, Senoto, Ravindran, from Rosa itself that this court reads a brief to the BIA generously and in a light favorable to the petitioner when evaluating a waiver claim. O'Day and Pan both concerned cases about whether an issue had been sufficiently developed in a First Circuit brief. And for a variety of academic reasons, that's just not the question that's before this court right now. So I don't think those two cases are relevant. I think the standard for this particular issue is sufficient to raise a challenge, which I think looking at this paragraph at CAR 49, it looks to me like a standard IRAC legal writing 101 paragraph. You have the issue, which is that infliction of harm has to be by a government where a person is unwilling or able to control. You have the rule, sorry, if I could have a moment to conclude. You have the rule, which is the matter of Kasinga case. And you have the application, which is Carla's discussion of the facts. And I think here that is more than sufficient to meet the standard with Rosa from sufficient to raise a challenge and consistent with an intent to appeal. So thank you.  Thank you. Counsel, would you like to conclude the argument in this case?